UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK CRESENCIA SANDOVAL,

    Plaintiff,

v.                                          CASE NO. 8:25-cv-324-SDM-TGW

NAPH CARE, *et al.*,

    Defendants.
_____/

**ORDER**

Sandoval's complaint alleges that the defendants violated his civil rights during his intake into the Hillsborough County jail. Sandoval moves for leave to proceed *in forma pauperis*. (Doc. 2) The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Sandoval must file an amended complaint.

Sandoval can pursue a claim against neither of the only named defendants. The "Orient Road County jail" is a facility operated by the county sheriff. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[1] explains that a "sheriff's office" is not a legal entity subject to suit:

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Similarly, a "jail," a "department," or the like is not an entity "with the capacity of be sued." And as explained further below, "NaphCare," as the medical provider at the jail, is not subject to suit based on the acts of its employees.

First, Sandoval cannot pursue a Section 1983 action based only on the defendant's position as the employer of someone who allegedly wronged Sandoval. A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). Sandoval must identify the specific person who allegedly failed to provide adequate medical care.

Second, Sandoval alleges that a nurse committed medical practice, which is a form of negligence. Sandoval's claim is insufficient because negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states

no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

Third, although possibly unprofessional and offensive, neither harassment nor verbal abuse alone is unconstitutional conduct. "Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation." *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989). *Accord Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding (1) that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats and (2) that "verbal abuse alone is insufficient to state a constitutional claim").

Fourth, Sandoval's apparent minor injury to his wrists from being handcuffed fails to state a claim because "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (*quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986)). An injury resulting from only minimal force is insufficient to establish that the force was unlawful. "Painful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002). Further, handcuffing that causes skin abrasions, for which the arrestee does not seek medical treatment,

indicates the use of minimal force. *Gold v. City of Miami*, 121 F.3d 1442, 1446 (11th Cir. 1997) (holding that a skin abrasion from handcuffs is an insufficient injury).

Lastly, Sandoval cannot recover damages more than nominal damages absent an actual physical injury, as required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(e), which states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." As explained in *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002), "[i]n order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." *See also Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Section 1997e(e), however, bars any claim seeking compensatory damages for emotional distress suffered while in custody."); *Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1342–46 (11th Cir. 2005) (recognizing that absent any evidence proving compensatory damages, a court is justified in limiting a plaintiff's award of nominal damages to one dollar); *see Al-Amin v. Smith*, 511 F.3d 1317, 1335 (11th Cir. 2008) ("Our precedent thus recognizes the award of nominal damages for violations of the fundamental constitutional right to free speech absent any actual injury."). Consequently, because the complaint fails to adequately plead entitlement to damages for "P.T.S.D., depression, anxiety, [or] humiliation," the complaint fails to allege a basis for recovering more than nominal damages of one dollar.

\* \* \* \*

Sandoval may file an amended complaint, which must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint).  In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Sandoval is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment.  *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension.  And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** under Section 1915(e) for failing to state a claim, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**. The failure to timely file an amended complaint will result in the dismissal of this action without further notice. The clerk must send to Sandoval the required civil rights complaint form.[2]

### A CAUTION TO MR. SANDOVAL

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Sandoval is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on March 14, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] A separate order grants Sandoval's pending motion (Doc. 2) for leave to proceed *in forma pauperis*.